No. 688

SCHULTZ v. BRUNHOFF MFG. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2795. Decided March 29, 1926

751. MASTER & SERVANT—Plaintiff may proceed against master when servant is sued without knowledge of the existing relationship; and judgment recovered against such servant is uncollectable.

HAMILTON, J.

Rosa Schultz sued the Brunhoff Manufacturing Co. in the Hamilton Common Pleas on a claim for personal injuries. It was alleged that plaintiff was struck by a machine of the Company driven by one of its servants in the scope of his employment.

One of the Company's defenses was that Schultz had recovered a judgment against Paul Tritsch, the servant, for the same injuries; and she was therefore barred from recovering against the Company, the master. In reply, Schultz averred that no part of the judgment had been paid and that she had no knowledge of the relationship existing between Tritsch and the Company at the time suit was brought against him. The demurrer to the reply was sustained and judgment dismissing Schultz's action was rendered. Error was prosecuted and the Court of Appeals held:

1. Where the victim of a wrong is doubtful which of two inconssitent remedies is the right one, he may pursue both until he recovers through one.

2. If this is the rule as to election of remedies, it would seem that the principle would apply as to election in case of two tort-feasors.

3. The party electing must do so with full knowledge of all the facts. In the instant case Schultz did not know of the relationship existing between Tritsch and the Company.

4. Since the master was liable for the act of the servant the Company cannot be prejudiced by the fact that an action was brought against the servant without knowledge of the employment.

5. If the judgment against Tritsch is uncollectable and valueless, Schultz may have recourse against the company; and the trial court committed prejudicial error in sustaining the demurrer to the reply.

Judgment therefore reversed and cause remanded.

Attorneys—Jones & Pfau for Schultz; Jones & Jones for Company; all of Cincinnati.